P. 19-1235 Royal Truck & Trailer Sales v. Mike Kraft, et al. Oral argument not to exceed 15 minutes to decide. Mr. Shira for the appellant. Good morning, Your Honors. Morning. My name is Anthony Shira and I represent the appellant, Royal Truck & Trailer Sales & Service, Inc. I'll refer to as Royal today. We have reserved three minutes for rebuttal. Very well. Your Honors, the appeal today presents the following issue. Does an employee authorized to access information on his employer's computers exceed such authorized access under the Computer Fraud and Abuse Act when he accesses and uses the information for nefarious reasons he knows to be prohibited by his employer's policies? The district court said no. We are here today to ask this court to reverse the decision of the district court. That court was wrong for two primary reasons. First, this court's decision in Polte, excuse me, the district court's adoption of the narrow approach to interpreting exceeds authorized access is not consistent with this court's decision in Polte. Second, in any event, the narrow approach to interpreting that phrase disregards the unambiguous plain language of the statutory definition. The counts one and two of our complaint allege claims under section 1030A2 of the CFAA, the Computer Fraud and Abuse Act. In order to state a claim under that section, plaintiff must allege five things. That a defendant intentionally accessed a computer without authorization or by exceeding authorized access and obtained information from the protected computer, which caused a loss to one or more persons during any one year period aggregating at least $5,000 in value. The motion to dismiss under Rule 12B6 brought in the district court, as well as the district court's opinion, focused exclusively on the second element. More specifically, did Royal, plaintiff in this case, sufficiently allege these defendants had exceeded their authorized access to the company computers and cellular phones? There's two views that have emerged around the country regarding this issue. They've been described as a broad approach and a narrow approach. The majority of circuits have adopted the broad approach, which is including the 1st, 5th, 7th, 8th, and 11th. Can you just talk about the conduct here? There are a couple of different things that happened, right? They deleted information and then they sent out information. Yes. Should we break it down by talking about each of those acts and how each of those acts allegedly violates the statute? Yes, Your Honor, we can. The acts here that were alleged to have been done. Maybe we start with the deleting. How does deleting this information violate the statute? Yes, Your Honor. We are asking the court to adopt the broad approach to the statute. If the court adopts that approach, then if there is a policy, which in this case there's very clear policies that prohibit them from destroying information, including the data on these devices from the cellular phone and the computers, there's very clear policies prohibiting that. If the court adopts the broad approach, then when they violated those policies in furtherance of this scheme they were involved in, they would have also violated the statute. So the statute requires that you exceed your authorized access. So we could say deleting was altering the information, which I think the statute requires. So maybe they exceed the authorized access in terms of deleting the information. But then it says, and thereby obtains information from any protected computer. How does deleting information from a computer that you have access to constitute obtaining information? I think Your Honor is actually getting to the heart of the dispute between the narrow and broad approaches. All right, good. It usually does. He's got a knack for it. He's cutting right to it. Because really, Your Honor, it gets down to whether, as the narrow approach says, if you have access to information, it doesn't matter how you use it. If you use it in a way that's nefarious, improper, something that violates an employer policy or rule, you don't violate the broad approach. But the word use isn't the key phrase there, I think, is exceeds authorized access. It doesn't say exceeds authorized use. A lot of the courts have sort of focused on the access point as opposed to just a broader, if you do anything, that might be a use and so would violate the statute. Your Honor, I would go a step further and say that the court should focus on the actual statutory definition of exceeds authorized access, which if you look at the actual language, and I won't go through and cite every dictionary definition that I did within my brief. I know the court could read that. But the conclusion of that is the plain language definition of what it means to be not entitled so to obtain or alter information is that it means not granted or furnished with a suitable or appropriate basis for seeking to gain possession of or modify information in the manner indicated. And the crux of the dispute between the court. Wait a minute. What did you just read there? So within the brief, Your Honor, what I did is I said if we're going to, the plain language of the statutory definition. All right. Well, let's, I mean, why don't we go through that? Sure. Is this interrupting a line? No, I'm trying. All right. So it says exceeds authorized access is a defined term, right, phrase. Yes. And that means to access a computer, to access a computer, not information, to access a computer with authorization and to use such access, meaning access to a computer with authorization, to obtain or alter information, so this is obtaining or altering so far, not using, in the computer that, and this is now a restrictive clause which is modifying information, to, I'll just say it again, obtain or alter information in the computer that the accessor is not entitled so to obtain or alter. And so now we're talking about what so means. And I'll just kind of put my cards on the table. So it seemed to me pretty clearly to refer back to use such access. In other words, you could say obtain or alter information in the computer that the accessor is not entitled to use such access to obtain or alter. And what is such access? Well, that's the first phrase, access a computer. So obtain or alter information in the computer that the accessor is not entitled to access the computer to obtain or alter. And so it's just all about obtaining or altering without authorization, it would seem. We would suggest a different focus on the word so, I guess, similar to the approach taken by the government in the Nozell case. What do you think so means? It's referring to something that just happened in the sentence, unquestionably. I think to directly answer the court's question, so I think dictionary definition is in the way or manner indicated. Right. And so we look back at some adverbial phrase here because that's been indicated in this definition. And the one that's there is use such access. I mean, would you agree with me that far? To the extent that it's consistent with in the way or manner indicated, yes. But I think you're on the critical side. Okay, and such access is access a computer. But I think critically what we're overlooking in that piece of the definition is the word entitled. Okay. So according to the Supreme Court as well as this court, they've defined in other situations as well as the dictionary, title means to furnish with proper grounds for seeking or claiming. So I think that's critical within the statute when you look at the plain language. Why isn't the Ninth Circuit right? It seems like that's just a synonym for authorization, isn't it? I mean, I don't know about this proper grounds business. Even the Ninth Circuit in the Nozzle case. A right. It simply gives you a right to get in there and, you know, obtain the information. Even the Ninth Circuit in the Nozzle case acknowledged that the interpretation that the government in that case was advancing as we are here of the dictionary definition of the word entitled and the dictionary definition of the word so were plausible offers. And they essentially are saying that we recognize this is what the Ninth Circuit did in Nozzle. We recognize that that is a definition of entitled and that is a definition of so, but we're concerned about the outcome of that choice. Well, I mean, I'm not advocating the Ninth Circuit's reasoning. What I just laid out really has nothing to do with those sort of consequentialist rationales. I'm just trying to figure out what the words mean, and the word so in context here just seems to mean what it means. And entitled, it's just, I mean, the Ninth Circuit did think entitled was easy, and they just said that's, you know, in this context that's just you're authorized. And that doesn't seem too sort of mystical to me in this case. Your Honor, this court, while it has not squarely addressed this issue, in Polte did consider the meaning of the words exceeds authorized access under the CFAA. And I think that that decision is instructive. The reasoning used by that court I think is useful to the court in reaching today's decision. In Polte, there was a national plaintiff home builder who sued a national union and a couple of its officers. The plaintiff there alleged, among other claims in its complaint, it alleged that the defendants had accessed their computer systems without authorization under the CFAA. Does that make it a little different than our case? Yes. This isn't a without authorization case, right? This is an exceeded authorized access. Yes, Your Honor, admittedly. That case did not deal with an exceeds authorized access claim. However, the court's reasoning in explaining why it found the plaintiff there had not sufficiently alleged without authorization is instructive for this court in determining the meaning of exceeds authorization. Because the court specifically there, it went through, and in order to find that they didn't allege it, construed the term without authorization and said there's no statutory definition, but it's commonly understood as with permission or sanction. It could be dicta. It is. It wasn't at all relevant to the outcome, right? That I would disagree with, Your Honor. It is dicta within the decision, but it was certainly reasoning that was important to the decision. Because what the court did is in order to explain, to illustrate how it reached its conclusion on without authorization, it said we should compare the two prohibitions. Because while they are somewhat similar, they are distinct. And in doing so, the court very specifically said that unlike the phrase without authorization, the CFAA helpfully defines exceeds authorized access as accessing a computer with authorization. And they read the whole definition. And then they say under this definition, an individual who is authorized to use a computer for certain purposes but goes beyond those limitations has exceeded authorized access. In contrast, a person who uses a computer without authorization has no rights, limited or otherwise, to access a computer in question. It would be easy to write a policy to say you are authorized to access the information in our database for only the following reasons. That would be really easy. And that's sort of what that rule would track. You know, you're authorized for certain purposes but not for other purposes. But what you have here is a blanket authorization to access and then a restriction on the use of that information as opposed to the access to it. And, I mean, it's sort of Royal Truck kind of wrote its own ticket here. You know, it could have said you cannot access for any reason other than our business purposes and so on. It wasn't written that way. Your Honor, in the policy that's alleged in the complaint, which is paragraph 16G, page 41 of the record, I would highlight this one particular, and this is one among many. I'm not going to read them all, but I would highlight this one among many. Although the company strives to ensure that each employee has access to the resources needed to perform his or her job, the company also expects all employees to understand that the use of those resources is limited to the performance of their jobs. Any unauthorized use, retention, or disclosure of any company resources or property will be regarded as theft, warranting disciplinary action up to and including termination, and may prompt various civil and criminal legal action. And there's a litany before that that highlight paragraph 16E, 16J, 16K, 16E, that all go through and explain that all of the equipment given to them, the data store they're on, all of those things are intended only for business purposes, not to be disclosed outside of the company. So, I mean, they're clearly informed of that. Maybe two more questions. One. I'm sorry, Your Honor. The deletion point, wouldn't that have maybe fallen more properly under Section 5, under A5, which talks about intentionally causing damage without authorization? Doesn't that maybe? You didn't plead it this way, but wouldn't that maybe go more towards the deleting? Your Honor, the honest answer I can give right now is to my recollection there's a reason why I didn't plead it that way, and I don't know the exact answer to that question standing here. I can't without looking back at the statute adequately. Can I ask you one last question about, so your damages are based entirely on the costs of remedying the deletion or investigating and remedying the deletion? You mentioned there's the $5,000 bar you have to get across. Yes. And so you're? Well, the costs associated with the forensic investigation as well as the equipment involved in Loss 32. I was just looking at paragraph 25 of your complaint, which is, I think, where loss is articulated. Yes, Your Honor. It focuses mostly, I think, on being forced to retain the expert and then for the expert to conduct their investigation. Are we talking about the same thing? I believe so. I think we are, Your Honor, yes. Forensic people. Because that was done expressly with respect to the deletion of the emails? No, the forensic investigation was done beyond the deletion. Well, it was incurred because, one, we needed to recover deleted materials to, two, determine what actually transpired. So, for example, that entire chart in there, which lays out the path of how it was in the briefing complaint, what transpired, much of that is reconstructed from the deleted communications that we were able to obtain so we could determine what was actually done, what was taken, what was forwarded, much of that. That investigation cost more than $5,000? Yes. Okay. I have one question here. Let's assume that the company policy said you're limited to use these computers for business purposes only. Now, let's assume that one day one of the employees decided to spend the whole day playing games on the computer. Would you claim that's exceeded authorized use and is, therefore, a violation of the CFAA? Your Honor, this is the precise concern that has been raised by the courts taking their approach, the Nosal Court, Val Court. I would suggest and urge this court to follow the path of the Fifth Circuit and the Eleventh Circuit. The Fifth Circuit explicitly, in addressing and distinguishing itself from the Ninth Circuit and BRCA at the time, specifically said, in the way that they construed the statute, was to say, okay, well, if the employer, if the employee knows, has reason to know, that what they're doing is prohibited by the employer and in furtherance of an illegal scheme, that they can be exceeding their authorized access. That's the path that they've taken with that. I think that is a path that is consistent with the construction of the statute and a reasonable path to take. And if you look significantly, in every single one of these cases that has reached the circuit courts making these splits, we don't have any of these innocuous situations where somebody has gone onto the computer and accidentally stumbled into something. We have a situation like the one here where somebody is engaged in a nefarious scheme with very clear intentions to take information from a company's computer systems for their personal and more often a competitor's benefit, or in the criminal context, for some kind of crime that they're participating in. I don't know if you've answered my question, though. Would the employee who plays games when the policy of the company is to prohibit it from anything, he had exceeded authorized access under your interpretation? Potentially, yes. Under the broad, the language. So he's committed a criminal act. This is the concern that's been raised. But I would suggest to the Court that the plain language of the statute sweeps broadly, but if there's a concern there, that concern is for Congress to amend. And that's also the way I've suggested that. Unless we shouldn't interpret it so broadly and should interpret it more narrowly. That's the question. Well, see, in order to get to a place where it's interpreted narrowly, and the Court obviously could find this, has to be ambiguous. If the statute's plain and clear on its face, then it should be applied as it's written without any of this resort to the statute. The statute doesn't say anything about using for purposes not permitted. So, I mean, this idea that it plainly on its face criminalized using as opposed to obtaining without authorization, I'll confess I'm scratching my head on that. Well, the statute does. I'll give you 30 seconds, okay, and then you can think about it for rebuttal. The statute does, and I guess I would urge the Court to also focus on the word entitled and the definition of that. The statute does. Is that the Alamo here? Entitled? It's, I mean, we are talking about the, it's the critical word of the statute, though. And the definition, every word is furnished with a suitable or proper, appropriate basis. It necessarily contemplates within it what the authorization is they've been giving, and that they can go beyond that, and that you can be given a suitable basis in one scenario, but not in another circumstance. BRCA itself noted that, but I'll yield. Okay, no, that's fine. Thank you. You'll have your rebuttal, and we'll hear Mr. Vitale. Thank you, Your Honors. Good morning. May it please the Court, Sam Vitale on behalf of Mike Kraft and Kelly Matthews. Your Honors, the CFAA is an anti-hacking statute. Speak up a little bit. Sure, sure. This is an anti-hacking statute, and it focuses on the procurement of data. It does not prohibit the misuse of data. Nowhere in the language of the statute does it refer to the use of data. It focuses on obtaining and altering information. So what do you think this was aimed at? Sort of like, you know, Sony hacks? But this is aimed at, like, inside jobs, isn't it? Like the D.C. District Court said? Yes, Your Honor. So there's sort of the two different avenues under the CFAA without authorization. Okay, so that's the Sony hack. That's the Sony case.  And then when you're looking at exceeds authorization, that's looking at insiders. And there's a way to view that in which you can have access, authorized access to a computer system and use that access to access information you are not entitled to obtain. So you have a password for the computer, but then you borrow somebody's password for, you know, the secret files or whatever. Is that the scenario? Precisely, Your Honor. I mean, at my law firm, the same system holds old briefs that holds my partner's compensation. I'm not entitled to access that. You're not, you know, you get that you're not authorized. Exactly, Your Honor. And I think the word entitled can certainly be read, you know, as Brother of Counsel points to that word, I think that can certainly be read as what use you are entitled to. I'm sorry, what information you are entitled to obtain. And here, the employees here, they're two employees. They sell tractor and truck trailer service and parts. Before they resigned, they forwarded e-mails from their own company e-mail to their own personal e-mail. There's no allegation that they didn't have access to their company e-mail at that time, nor that they weren't entitled to access the information. You're probably not going to win on the facts here. What do you think? I mean, the majority of circuits are contrary to your position. So what mistake are they making in your view? Sure, Your Honor. I think that the courts that have adopted the broad approach were largely focused on the specific scenarios in front of them. For example, in Rodriguez, in that case, the court was faced with an individual who worked for the Social Security Administration. He had accessed the private Social Security information of women he was involved with to use in his dalliances with them. And the court found that he did not have authorization to access and use that information for that purpose. Since then, Your Honor, districts in that same circuit have gone on to attempt to distinguish Rodriguez in scenarios like this one, where it's merely an employee who's violated some employer policy. The courts are more than happy to let that be the province of the state court for a breach of loyalty claim, for a breach of contract claim. That's what we're talking about here, not a felony. So in this discussion, are you grouping together the forwarding of the e-mails with the deletion of the e-mails? For what I was just saying, I was referring to the forwarding of the e-mails. I think the deletion of the e-mails, Your Honor, as you had stated previously, could potentially be a claim that was not pled under the destroying and damaging provision of the CFA. But even that provision only relates to information that is permanently lost, not information such as an e-mail account that is primarily held on the cloud. I would quite read it that way, and maybe your friend will come up with a reason why he didn't read it that way. But you did use the word alter, so the word alter is in the statute. And at least under 2, the way it was pled, altering could be deleting. And they didn't have permission to delete. Setting that aside, the statute bars unauthorized altering. And they certainly altered, I think by any fair definition, probably altered these e-mails. That's correct, Your Honor. And this was addressed in brief in the lower court and was not raised on appeal. But to the extent that the deletion didn't alter e-mails, again, my understanding of the case law in that area is that where that information is stored in a central server, that simply wiping a computer or wiping a cell phone that may also contain personal information does not constitute destroying data if it's still the master copy is held elsewhere. In other words, if I were to delete a document that I had saved on a system, it would not constitute a violation in that you weren't actually altering the data itself, just that copy. I thought maybe another answer was the one I tried with your friend is that this still requires, even if there's altering, it still requires that you be obtaining information from a protected computer.  Yeah, absolutely, Your Honor. There's no doubt they had every authorization to obtain this information. Was there a case that you were, when you were making, the point you were making before this, was there a case you were taking that from? There was, Your Honor. Like I said, it was not raised in appeal and I don't have that in front of me. Your Honor, one thing I did want to address was the Supreme Court's brief addressing of this issue in the Masaccio Court that was raised in Appellant's brief. Again, Your Honor, I think that Appellant has cited this case as in support of adopting the broad approach, but I think that if you actually read the language that the Supreme Court sets forth, I don't think that that was their intention in doing so. They recognize that there are two crimes identified by the CFAA, that you can obtain access without authorization or you can obtain access with authorization, but use that access improperly. But when they say use that access, they're not talking about using that information improperly. So you can use your access improperly to access information you're not entitled to obtain. What about closer to home, our court, Pulte? Could you distinguish that case? Your friend relied on it pretty heavily. Sure, Your Honor. So that case, again, was a without authorization case, not an exceeds authorization. We said something about exceeds authorization there. Right. And, Your Honor, I think that the way that Pulte defines exceeds authorization is that you can authorize access for certain purposes. I think that goes to exactly what we were talking about with the word entitled and whether or not you are entitled to authorize certain information to access certain information on a computer. That does not necessarily reflect the overall use of that information in the future. That is a contract issue between the two parties. Your Honor, most of the courts that have adopted the broad approach have since narrowed their view and recognized the criticism that that approach has received throughout the other circuits. Adopting that broad approach will criminalize everyday behavior. It will impede upon the traditional province of the state courts to deal with issues of contract and of tort. And we believe that the district court correctly determined this case. Very well. Thank you for your argument. We'll hear rebuttal. Thank you. To address one question you've been raising regarding deletion or destruction, so at least in the context of why I think it falls under the ambit of the statute as well, it has to do with because of the company policies. I think it does fall under Section 1038-2, the destruction of the cellular phone, or of all the data and the rewriting of the operating system, because to the extent the court adopts the broad approach, which is what we're asking, there are very clear company policies prohibiting them from destroying the information on their... I guess it still has to be done to obtain information. Well, I think the obtaining of the information, what I'm arguing, I guess, is that obtaining that information for the purpose of destroying it. I mean, I guess to some extent what does obtain mean when you're on an electronic computer? Take rather than... It's fair. I guess that's where I'm coming. So you have to obtain the information to destroy it is, I guess, how I'm viewing that. But that's why I believe it falls under Section 1038-2. I'd also like to address my use of the Masaccio case. I am by no means suggesting that Masaccio decided this issue, that they have ruled and that this court is now bound as every other court. I'm not suggesting that. What I'm saying is it would be willfully naive of me to suggest that this is not probably somewhat of a close call given the split around the judiciary in the country. And I'm saying that among trying to figure out where to go, we have got one statement relevant to this from the Supreme Court on it, and that statement came after in the John, the WSC, I believe it was the Val case, all filed cert petitions. In the Masaccio case itself, the appellant there filed a cert petition and a brief on appeal asking the court to decide this circuit split and raising it. And then the court in that case, when they decided it, they were affirming and saying there wasn't an error that at the trial court level in a criminal trial there had been an instruction of the jury mistakenly, all the parties agreed, saying to prove the case you had to prove without authorization and exceeds authorized access instead of or. Instead of just citing the statute, the court then said, stated there's two ways to violate the statute. One, they said, they stated one, obtaining access to a computer without authorization, but then critically the second part they said obtaining access with authorization but then using that access improperly, which is very, very similar language to a lot of the courts below in the way they described the divide. But it's, as you just read it, I mean it's using that access, using the access to the computer improperly, i.e. by using it to obtain or alter information that you're not authorized to access. I mean that's kind of what it sounds like. Or it could certainly mean that. I would suggest the word improperly means more than that. I mean they're talking, see my point is in that phrase they're not talking about access to the information. They're talking about access to the computer when they talk about improper use. Right, and they're saying you've used your access to the computer improperly. But wouldn't that naturally, given what the statute says, wouldn't that mean using it to obtain or alter information that itself you're not allowed to access? You want to see my time? Oh, please. I would say using that access to obtain or alter information in the way or manner you're not allowed. So I mean, well let me back up a step further actually. Well, I don't know, your red light's on. So why don't you take 15 seconds. I was simply going to say I would actually redirect the court's attention again to the word and title and the definition of that. Okay. And I think that answers the question. Did you file a state court action? I should know that. No, no problem. There are seven other claims in the complaint that are all state law claims that were pendent jurisdictions. So we'd ask you to reverse the court hierarchy. The court said it wasn't going to exercise 1367 jurisdiction. Yes. All right, great. Well, thank you very much for your argument, both of you. The case will be submitted, and the clerk may call the next case.